This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Raymond L. Ferrone, appeals from the judgment of the Medina County Court of Common Pleas that adopted and affirmed the magistrate's proposed decision. We affirm.
This appeal stems from an earlier appeal brought to this court by Appellant, in which he assigned error to the Medina County Court of Common Pleas' dismissal of his administrative appeal. This court reversed and remanded that dismissal. Ferrone v. Kovack (Mar. 24, 1999), 9th Dist. No. 2696-M, at 8. Subsequently, a hearing was held before a magistrate to decide the remanded issues. The magistrate entered a proposed decision in favor of Appellee, Michael E. Kovack, Auditor, and Appellant objected to that decision. On October 9, 2001, the trial court adopted and affirmed the magistrate's proposed decision. It is from this judgment entry that Appellant timely appeals and raises four assignments of error for review. We will jointly address Appellant's assignments of error.
 ASSIGNMENT OF ERROR I
"Abuse of discretion."
 ASSIGNMENT OF ERROR II "The Medina County Court of Common Pleas' [d]ecision is unreasonable and unlawful[.]"
 ASSIGNMENT OF ERROR III "The Medina County Court of Common Pleas' [d]ecision failed to address the essential issues raise by Appellant's complaint or apply settled law."
 ASSIGNMENT OF ERROR IV "The [t]rial [c]ourt committed error prejudicial to [Appellant]. [Appellant] was entitled to have a judgment or final order rendered in his favor as a matter of law."
In the instant case, Appellant's assignments of error revolve around his assertion that the value of his property was incorrectly determined. In particular, Appellant alleges that the trial court abused its discretion as to the determination of the value of his property for tax purposes and, further, that this decision was unreasonable and unlawful. Additionally, Appellant claims that the trial court ignored the evidence he presented and relevant constitutional provisions, state statutes, rules, and decided cases when determining the true market value of his property and its assessed taxable value. Finally, Appellant alleges that: (1) Appellee unlawfully increased the value of his property by replacing the actual value with a higher homestead value; and (2) Appellee misapplied the tax reduction factors when valuing the property, which resulted in non-uniform taxation and an improper reduction in taxes.
Notwithstanding Appellant's arguments, we note that he failed to file a transcript of the hearing held before the magistrate for the trial court to review when it ruled on his objections. Due to Appellant's failure to provide the trial court with a transcript of the hearing with his objections to the magistrate's decision, we do not know what evidence, if any, he produced to support his allegations and claims. As such, we conclude that the trial court did not err in adopting and affirming the magistrate's findings. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301. Furthermore, without an adequate record, "a court of appeals must `presume [the] regularity of the [trial] court's judgment based on the [magistrate's] report and recommendations.'" Friess v. Hague (Aug. 6, 1997), 9th Dist. No. 96CA006518, at 7. Accordingly, Appellant's first, second, third, and fourth assignments of error are overruled.
Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
BAIRD, J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY.